UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Application of<br><br>PNC BANK, N.A.,<br><br>For an Order Authorizing Alternative Means of Service of Subpoenas and Issuance of Subpoenas Related to a New York Limited Liability Company | Case No. 21 Misc. _____<br><br>**DECLARATION IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING ALTERNATIVE MEANS OF SERVICE OF SUBPOENAS AND ISSUANCE OF SUBPOENAS** |

**HELEN MOSOTHOANE** hereby declares pursuant to Section 1746 of Title 28 of the United States Code:

1. I am an attorney licensed to practice in the U.S. District Court for the Central District of California and am an associate attorney with McGlinchey Stafford, PLLC ("McGlinchey"), the attorneys of record for the Applicant PNC Bank, N.A. ("PNC").

2. PNC is a defendant in a federal lawsuit that is currently pending in the U.S. District Court for the Central District of California, styled as *Dreher v. PNC Bank, N.A., et al.*, Case No. 2:18-cv-07827-MWF-FFM (the "California Proceeding"). I am fully familiar with the facts of the California Proceeding based upon my involvement in the California Proceeding, a review of McGlinchey's file for the California Proceeding, and public records from the California Proceeding. I make this declaration in support of PNC's Application for Order Authorizing Alternative Means of Service of Subpoenas and Issuance of Subpoenas.

3. PNC, Dreambuilder Investments, LLC ("Dreambuilder") and American Servicing and Recovery Group, LLC ("ASRG") are defendants in the California Proceeding, which was filed by plaintiffs Stephen and Melinda Dreher (the "Drehers").

4.	The Drehers' claims against PNC are premised on their allegations that PNC committed fraud and slandered title to their real property ("Property") located in Los Angeles, California, by purportedly executing an assignment of deed of trust ("Assignment") in 2010 in favor of Dreambuilder. They contend that PNC lacked the authority to execute the Assignment by virtue of its sale of the underlying mortgage loan ("Loan") to ASRG in July of 2010. *Id.* The Drehers also allege that PNC failed to notify them of the identity of the new owner of the Loan.

5.	PNC contends that it is legally impossible for it to have slandered the Drehers' title because: (1) it executed the Assignment in blank; (2) Dreambuilder, not PNC, recorded the Assignment in 2017; and (3) PNC did not have any interest in the subject lien as of the 2010 sale of the Loan to ASRG, which sale was negotiated by Dreambuilder.

6.	Dreambuilder failed to respond to the Drehers' complaint in the California Proceeding despite being served with process through Dreambuilder's CEO, Peter. J. Andrews ("Andrews").  As a result of its failure to appear in the California Proceeding, a default was entered against Dreambuilder.

7.	As the entity that recorded the Assignment and negotiated the sale of the Loan between ASRG and PNC (as well as a subsequent sale of the Loan from ASRG to U.S. Bank, N.A.), Dreambuilder has critical information and documents relating to the issues in the California Proceeding.

8.	Through discovery, McGlinchey confirmed that Andrews, as an officer and agent of Dreambuilder, was involved in and communicated regarding the sale of the Loan to ASRG and U.S. Bank, N.A., as well as communicated with third-party Richmond Monroe, Inc. about the Assignment.

9. Like Dreambuilder, Andrews, in his individual capacity, will have critical information and documents relating to the issues in the California Proceeding due to his involvement in the sale of the Loan from PNC to ASRG, and then to U.S. Bank, N.A.

10. PNC seeks to obtain meaningful documentary and testimonial evidence located in this District from Dreambuilder and Andrews (collectively, the "Respondents"). Attached hereto as **Exhibit A** are true and correct copies of the documents subpoena and deposition subpoena PNC attempted to serve on Dreambuilder. Attached hereto as **Exhibit B** are true and correct copies of the documents subpoena and deposition subpoena PNC attempted to serve on Andrews.

11. According to the New York Department of State's website, Dreambuilder, a New York Limited Liability Company, is located at 30 Wall Street, 6th Floor, New York, NY, 10005, which is within this District. Attached hereto as **Exhibit C** is a true and correct copy of the results of our search under the New York Department of State's corporations and business entity database for Dreambuilder.

12. According to Dreambuilder's website, Dreambuilder's mailing address is 228 Park Ave. South, #51100, New York, NY, 10003. Attached hereto as **Exhibit D** is a true and correct copy of the About Us web page obtained from Dreambuilder's website at the following URL: http://www.dreambuilder.net/aboutus.html.

13. Through a public records search, McGlinchey learned that Andrews resides at 55 Liberty St., Apt. 12C, 13C and 14C, New York, NY 10005. Thus, Andrews is a resident of this District. Also, McGlinchey obtained documents through discovery revealing that Andrews' e-mail address is pandrews@dreambuilder.net.

14. PNC seeks information and documents from Respondents relating to probative and relevant issues in the California Proceeding. Specifically, PNC seeks information and documents

relating to: (1) the sale and ownership of the Loan, including the sale of the Loan to Dreambuilder's affiliates; (2) the transfer of the collateral file for the Loan; (3) the preparation, execution and recordation of the Assignment; and (4) communications between Dreambuilder and other entities/persons regarding the Loan and Assignment.

15.     The information that PNC seeks from Respondents is relevant and necessary to PNC's defense in the California Proceeding and directly relates to the Drehers' slander of title and fraud claims against PNC.

16.     Because Dreambuilder has not designated an agent for service of process in the State of New York, on or about July 8, 2021, PNC attempted to serve a documents subpoena on Dreambuilder through the New York Department of State ("NYDOS").

17.     According to the report PNC received from its process server, the NYDOS refused to accept service of the subpoena because the subpoena was not issued by a New York court. Attached hereto as **Exhibit E** is a true and correct copy of the e-mail that McGlinchey received from its attorney-service company.

18.     After the failed attempt to serve Dreambuilder through the NYDOS, on three (3) separate occasions between July 19 and July 20, 2021, PNC attempted to serve documents subpoenas and deposition subpoenas (the "California Subpoenas"), copies of which are attached hereto as **Exhibit A** and **Exhibit B**, on Andrews, in both his individual capacity and capacity as an officer of Dreambuilder, at Andrews's then-known residence at 55 Liberty St., Apt. 13C, New York, NY 10005. Attached hereto as **Exhibit F** is the process server's declaration of diligence relating to his attempts to serve the subpoenas on Dreambulder. Also attached hereto as **Exhibit G** is the process server's declaration of diligence relating to his attempts to serve the subpoenas on Andrews.

19. Because Dreambuilder and Andrews have evaded service of the California Subpoenas, PNC believes further attempts at personal service will be futile. Therefore, PNC respectfully requests this Court order the Deputy Clerk of this Court to issue document subpoenas and deposition subpoenas to Dreambuilder in substantially similar form as the California Subpoenas so that they may be served on Dreambuilder through the New York Department of State. Attached hereto as **Exhibit H** is a true and correct copy of the proposed document subpoena and attached hereto as **Exhibit I** is a true and correct copy of the proposed deposition subpoena.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of July, 2021, at Frisco, Texas.

                                                 _/s/ Helen Mosothoane_
                                                 HELEN MOSOTHOANE